## JAMES OGILVIE v. NORBERT RILLIEUX.

A purchaser of property sold under a *fi. fa.* having applied for a monition under the act of 10 March, 1834, the judgment creditor opposed the homologation of the sale, on the ground that the property had been incorrectly described both in the execution and the advertisement. The property was described as bounded on one side by *Clement* street, instead of *Chestnut* street, the real boundary. There was no such street as Clement street; and the description was, in other respects, accurate. *Held*, that the description being in other respects sufficiently accurate to indicate the extent and location of the property, the error, which was clearly a mistake made by the sheriff in copying the description, was immaterial, and could neither invalidate the sheriff's sale, nor support an opposition to its homologation under a monition taken out in pursuance of the act of 1834.

APPEAL from the District Court of the First District, *Buchanan, J.*

*Elwyn,* for the appellant.

*Durant,* contrâ.

SIMON, J.   The plaintiff having obtained judgment against the defendant for the sum of $4790, with the vendor's mortgage and privilege on certain property described in two acts of sale annexed to his petition, a writ of execution was issued against the defendant, which was levied on the property mortgaged, and after having been offered for sale for cash by the sheriff, the property not having brought two-thirds of its appraisement, it was sold and adjudicated to one Kaspar Auch, for the sum of two hundred dollars, which, though payable at twelve months credit, was paid in cash by the purchaser.

A short time after the sale, the purchaser applied to the court *a quâ* for a monition, in conformity with the law of the 10th of March, 1834, which order was granted; whereupon the adver-

tisements required by law were published in a newspaper of the parish where the sale was made, giving a description of the property, in conformity with the writ by virtue of which the same had been sold.

James Ogilvie, the judgment creditor, made opposition to the homologation of the sale, on the ground that the property was not correctly described, either in the writ of *fieri facias*, or in the advertisements of sale made by the sheriff, in this : that the squares of ground have *Chestnut* street for a boundary, instead of *Clement* street, which was described as their boundary both in the writ and in the advertisement posted up by the sheriff; that said property is worth much more than $200 ; was of much greater value at the time of sale ; and that, had it been properly described, it would have been sold for a much higher price.

The sale was homologated below, notwithstanding the opposition; and, from the judgment rendered thereon, Ogilvie has appealed.

It does not appear to us that the judge *a quo* erred. It is true, on referring to the second deed of sale, one of the squares of ground therein sold, is described as "*being No. 5, containing eighteen lots, numbered from one to eighteen inclusive ; measuring 330 feet front on the public road, 186 front on Broadway, 240 front on Front street, and 416 feet front on Chestnut street, English measure*," &c.; and that on referring to the writ and to the advertisement of the sale, the word "*Chestnut*" has been replaced by the word "*Clement.*" This is clearly a mistake made by the sheriff in copying the description, which in all other respects is exactly in the same words as that of the sale, and which, independent of this change, of name as to one of the surrounding streets, is yet sufficiently accurate and explicit to indicate the extent and location of the property seized. It has not been shown that there existed any street called "Clement," by which the property, with its further description, could be bounded ; and it seems to us that the mistake is so immaterial, accompanied with the correct description of the three other boundaries, that the identity of the property could not suffer from it. *Id certum est, quod certum reddi potest ;* and it is clear that a mere reference to the

sale would have been sufficient to ascertain its correctness. See case of *The City Bank* v. *Denham*, decided in March, 1844.

Furthermore, the 3d section of the law of 1834, (Bull. & Curry's Digest, p. 585,) only requires that the monition shall state the same description of the property purchased as that given *in the judicial conveyance* to the buyer. This was done in this case; and we are of opinion that, as the alleged mistake in the name of one of the streets by which a part of the property sold was bounded, would not be sufficient to invalidate the sheriff's sale, the description being correct in all other material respects, this cannot be relied on in support of an opposition to its homologation under a writ of monition. The opponent was the creditor at whose suit the property was sold; the sale was made for his benefit, by an officer who acted as his agent; and we are not prepared to say that, under such circumstances, he has any right to contend that a mere mistake made by the sheriff in his advertisement of such sale, made at his request and shown to be immaterial, should authorise the opponent to consider it as a nullity. Be this as it may, it is not pretended that the description of the other property which was sold under the same title with that in dispute, on the same day and under the same adjudication, was incorrectly given, and it seems to us clear that the sale thereof cannot be partly invalidated.

*Judgment affirmed.*